UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANDREW MYLES LENZE, | ) |
| | ) |
| Petitioner, | )  Case No. 6:23-cv-60-GFVT |
| | ) |
| v. | ) |
| | )  **MEMORANDUM OPINION** |
| G. SWANEY, | )  **&** |
| | )  **ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Andrew Myles Lenze is a federal inmate at the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky.  Proceeding without counsel, Lenze has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 wherein he claims that he is owed approximately one year of time served credit towards his federal sentence.  [*See* R. 1 at 8.]  The Warden has responded to Lenze's claims [R. 6], and the deadline for Lenze to file a reply brief has passed.  [*See* R. 5.]  Accordingly, this matter is before the Court for an initial screening pursuant to 28 U.S.C. § 2243.  *See, e.g., Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011).[1]  Despite the leniency afforded a *pro se* petitioner, for the reasons that follow the Court must **DENY** Lenze's claims.

In his petition, Lenze indicates that he was taken into federal custody from state custody in December 2017.  [R. 1 at 5.]  Lenze further indicates that he believed his sentencing judge intended that his sentences to run concurrently and, further, that "he be granted credit for all time served to that point."  *Id.*  But a review of the record in this matter and Lenze's criminal case

---

[1] Upon this preliminary screening, a petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

reveals that Lenze's sentence is being properly calculated by the Federal Bureau of Prisons ("BOP").

A defendant's criminal sentence generally begins to run on the date the defendant arrives at the official detention facility where the sentence is to be served. *See* 18 U.S.C. § 3585(a). If a defendant is incarcerated prior to the date he arrives at the official detention facility, such as during the pretrial period, he will be given credit for that prior time towards his federal sentence only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). This provision applies to Lenze's situation, even though he correctly recalls that his sentencing judge ordered his federal sentence to run concurrently with his state ones.

In this case, Lenze was arrested on November 20, 2017, for a parole violation and began serving time in Missouri state custody. He was then transferred from Missouri authorities to federal authorities on a writ of habeas corpus *ad prosequendum*, effective December 20, 2017. [*See, e.g.*, R. 6-1 at 2.] Lenze remained in federal custody leading up to December 6, 2018, the date his federal judgment was entered. *Id.* at 2-3. However, the record indicates that while Lenze was in federal custody for the time period between December 20, 2017, and December 6, 2018, that period was credited towards his Missouri sentence. *Id.* at 2-3; [*see also* R. 6-2.]

While Lenze's sentencing judge did, in fact, order his federal sentence to run concurrent with his Missouri Circuit Court sentence and parole revocation [*see* R. 6-7 at 2], those sentences could not begin running concurrently until his federal sentence was actually imposed. *See, e.g., Doan v. Lamanna*, 27 Fed. App'x 297, 299 (6th Cir. 2001); *United States v. Flores*, 616 F.2d 840, 851 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

As the Sixth Circuit Court of Appeals explained when evaluating a similar circumstance,

2

> Because [the defendant] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. If [the defendant] were credited for this time against his current federal sentence, he would receive improper double credit.

*Broadwater v. Sanders*, 59 Fed. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). Likewise, Lenze received state credit for the time spent in custody between December 20, 2017, and December 6, 2018, and he may not receive credit for that time twice. The trial court's intention when it imposed Lenze's judgment has been accomplished by the BOP's calculations, and Lenze is not entitled to additional time credited towards his federal sentence.

For these reasons, the Court **ORDERS** as follows:

1. Lenze's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**. *See* 28 U.S.C. § 2243;

2. This matter is **STRICKEN** from the Court's docket; and

3. Judgment will be entered contemporaneously herewith.

This the 11th day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge